IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KEVIN J. WALKER, # 171694, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:14cv982-WKW |
| ) | (WO) |
| STATE OF ALABAMA, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Kevin J. Walker ("Walker") on September 23, 2014.[1] Doc. No. 1. Walker challenges the manslaughter conviction and life sentence entered against him in 1993 by the Circuit Court of Montgomery County. The respondents have filed an answer (Doc. No. 7) in which they argue that Walker's petition is time-barred by the one-year limitation period applicable to § 2254 petitions, as set forth in 28 U.S.C. § 2244(d). Upon review of the pleadings, evidentiary materials, and applicable law, the court concludes that no evidentiary hearing is required and that Walker's petition should be denied as untimely.

---

[1] Although Walker's petition was date-stamped as received in this court on September 25, 2014, it was signed by Walker as delivered to prison authorities for mailing on September 23, 2015. Under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).

## II.  DISCUSSION

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In October 1992, a Montgomery County grand jury returned an indictment charging Walker with two counts of felony murder, as proscribed by § 13A-6-2(a)(3), Ala. Code

1975.[2] Following a jury trial in February 1993, the petit jury found Walker guilty of a single count of manslaughter as a lesser-included offense of felony murder. *See* Doc. No. 7, Resp'ts Ex. C at 2-3 & Resp'ts Ex. F at 2. On March 9, 1993, the trial court (the Montgomery County Circuit Court) imposed a sentence of life imprisonment under Alabama's habitual felony offender statute. Doc. No. 7, Resp'ts Ex. C at 3.

Walker appealed, and on December 3, 1993, the Alabama Court of Criminal Appeals affirmed his conviction and sentence. Doc. No. 7, Resp'ts Ex. F at 2. He then filed a petition for writ of certiorari with the Alabama Supreme Court, and that court denied his petition on March 25, 1994. *Id*. Because Walker sought certiorari review in the Alabama Supreme Court, he is entitled to an additional tolling of 90 days, the time in which to file a petition for writ of certiorari with the United States Supreme Court. *See Stafford v. Thompson*, 328 F.3d 1302, 1303 (11th Cir. 2003). Section 2244(d)(1)(A) of the AEDPA provides that the one-year limitation period for filing a § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. 28 U.S.C. § 2244(d)(1)(A). Thus, for federal habeas purposes, Walker's conviction became final on June 23, 1994 (90 days after March 25, 1994).

Walker filed a Rule 32, Ala. R. Crim. P., petition for post-conviction relief in the trial court on December 1, 1994. Doc. No. 7, Resp'ts Ex. F at 2. The Rule 32 petition was denied, and on August 18, 1995, the Alabama Court of Criminal Appeals affirmed. *Id*.,

---

[2] Count I of the indictment alleged robbery as the underlying felony, and Count II alleged kidnapping as the underlying felony. *See* Doc. No. 1, Pet'r Ex. A at 2-3.

Resp'ts Ex. F at 2-3.  Walker did not seek certiorari review thereafter.

Walker filed a second Rule 32 petition in September 2013.[3]  The trial court denied the petition, and the Alabama Court of Criminal Appeals affirmed the denial on August 22, 2014.  Doc. No. 7, Resp'ts Ex. F.  Walker filed a petition for writ of certiorari with the Alabama Supreme Court; the petition was struck on procedural grounds on September 11, 2014.  *Id*., Resp'ts Ex. G.

The AEDPA became effective on April 24, 1996.  Thus, Walker's conviction – which, as noted above, became final on June 23, 1994 – became final before enactment of the AEDPA.  The Eleventh Circuit has held that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Walker], whose convictions became final long prior to the effective date of the AEDPA . . . 'would be unfair, and impermissibly retroactive.' [*Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998)]." *Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1211 (11th Cir. 1998).  The Court has further held that prisoners in this position must be allowed a reasonable period of time after enactment of § 2244(d)'s one-year period of limitation to file their § 2254 petitions, and determined that "a reasonable time" is "one year from the AEDPA's effective date." *Id*.  As such, the one-year period for Walker to file a § 2254 petition commenced on April 24, 1996.  Absent statutory or equitable tolling, the limitation period for a timely § 2254 petition expired on

---

[3] Walker originally filed the petition, which he styled as a state petition for writ of habeas corpus, in the Elmore County Circuit Court.  *See* Doc. No. 7, Resp'ts Ex. A. The petition deemed to be a Rule 32 petition and was transferred to the Montgomery County Circuit Court.  *See id*., Resp'ts Ex. B.

April 24, 1997. Walker filed his § 2254 petition on September 23, 2014.

Section 2244(d)(2) of the AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Walker filed a Rule 32 petition in September 2013, that petition did not toll the one-year period of limitation applicable to this habeas action, because the state petition was filed well after the federal limitation period had expired.[4] *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (where the state court application for post-conviction relief is filed after the one-year statute of limitations has expired, it does not toll the statute because no time remains to be tolled).

The statutory tolling provisions of 28 U.S.C. § 2244(d)(1)(B)-(D) also do not provide safe harbor for Walker such that the federal limitation period would have commenced on some date other than April 24, 1996. There is no evidence that any unconstitutional or illegal State action impeded Walker from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B). He presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Finally, he submits no grounds for relief for which the factual predicate could not have been discovered at an earlier time "through the exercise

---

[4] The proceedings on a Rule 32 petition that Walker filed in December 1994 concluded before the AEDPA was enacted and thus before the one-year period after the AEDPA's enactment began to run.

5

of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

The federal limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see Holland v. Florida*, 560 U.S. 631 (2010). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). Walker fails to set forth any facts that demonstrate the existence of "extraordinary circumstances" and the exercise of due diligence to warrant equitable tolling of the limitation period in his case. Consequently, he is not entitled to equitable tolling.

Under the circumstances set forth above, it is apparent that the one-year limitation period in § 2244(d) expired on April 24, 1997. Because Walker did not file his § 2254 petition until September 23, 2014, his petition is time-barred and this court may not address the merits.[5]

---

[5] Walker does not present a viable claim of actual innocence so as to relieve him from operation of the federal time-bar. His indictment charged him with felony murder, and he was convicted of manslaughter, which is a lesser-included offense of felony murder in Alabama. *See Traylor v. State*, 93 So.3d 1009 (Ala. Crim. App. 2012). Walker points to no evidence demonstrating that he is factually innocent of the crime of manslaughter, but instead claims that the evidence and arguments presented at his trial did not "match" the charges in his indictment. His claims that the evidence and arguments at trial related to the offense of "Murder I," and not the charged offense of felony murder, are irrelevant to the question of whether he is factually innocent of the offense of manslaughter. And, as noted, he wholly fails to demonstrate that he is actually innocent of the offense of manslaughter. He was convicted of an offense included in the charges in the indictment. Thus, his suggestion that he is actually innocent is baseless. (This court would also (continued...)

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED with prejudice and this case dismissed because the petition is time-barred by the one-year limitation period in 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **April 16, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

---

[5](...continued)
note that, despite Walker's repeated references to "Murder I" and his insistence that "Murder I" is the crime he "stood trial for," there is no offense under current Alabama law, or Alabama law at the time of Walker's trial, designated as "Murder I.")  Finally, Walker is incorrect in arguing that the federal limitation period does not apply to his § 2254 petition because he presents what he says is a "jurisdictional" claim that he "stood trial for Murder I" and not felony murder.  There is no exception to the limitation period in 28 U.S.C. § 2244(d) for such claims seeking to impugn the jurisdiction of the state trial court.  The fact that Walker calls his claim jurisdictional does not entitle him to relief from operation of the federal statutory limitations bar.

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 2nd day of April, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE