IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KEVIN J. WALKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14-CV-982-WKW |
| | ) | [WO] |
| STATE OF ALABAMA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION AND ORDER**

On May 7, 2015, Kevin J. Walker's petition for writ of habeas corpus under 28 U.S.C. § 2254 was denied with prejudice, and the case was dismissed on grounds that the petition was time-barred by the one-year statute of limitations provided by 28 U.S.C. § 2244(d). Before the court is Mr. Walker's Motion to Reconsider the Judgment (Doc. # 26) of May 7, 2015 (Doc. # 27), which is construed as a motion to alter, amend, or vacate the judgment pursuant to Federal Rule of Civil Procedure 59(e). Having carefully considered the motion and the record as a whole, the court finds that Mr. Walker's motion is due to be denied.

Rule 59(e) authorizes the filing of a motion to alter or amend a judgment after its entry. This rule provides no specific grounds for relief, and "[t]he decision to alter or amend judgment is committed to the sound discretion of the district judge." *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237,

1238–39 (11th Cir. 1985). In the Eleventh Circuit, the only grounds for granting a Rule 59 motion are newly discovered evidence, an intervening change in controlling law, or the need to correct clear error or manifest injustice. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); *Am. Tower, L.P. v. City of Huntsville, Ala.*, No. CV–99–B–2933–NE, 2000 WL 34017802, at *25 (N.D. Ala. Sept. 29, 2000). Rule 59 does not give dissatisfied parties the chance to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). "In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Gougler v. Sirius Prods., Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005).

Mr. Walker avers that reconsideration of the judgment dismissing his petition for writ of habeas corpus is warranted because he did in fact establish a claim of actual innocence sufficient to relieve him of the federal time-bar. Specifically, he argues that, because the state-court did not have jurisdiction to find him guilty of the convicted offense, he has an inherently viable claim of actual innocence. These are not new arguments; Mr. Walker has explicitly challenged the state-court's jurisdiction throughout this action, and the Recommendation of the

Magistrate Judge (Doc. # 23) and the Order adopting the Magistrate Judge's Recommendation (Doc. # 25) addressed Mr. Walker's arguments at length.

Further, Mr. Walker's present challenge misconstrues the basis of an actual innocence claim. A claim of actual innocence, requires a petitioner to show "that under the probative evidence he has a colorable claim of factual innocence." *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)). A claim of actual innocence is separate and apart from challenges grounded upon legal or procedural insufficiencies. Because the present motion is grounded entirely upon Mr. Walker's challenge to the state-court's jurisdiction, his arguments regarding actual innocence remain without merit and the federal time-bar applies to the present petition. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency."). In light of Mr. Walker's failure to identify new evidence or manifest error, *Morton v. Astrue*, 380 F. App'x 892, 895 (11th Cir. 2010), his motion to alter, amend, or vacate the final judgment is due to be denied.

For the foregoing reasons, it is ORDERED that Petitioner Kevin J. Walker's Motion to Reconsider the Judgment (Doc. # 27) is DENIED.

DONE this 4th day of June, 2015.

                                            /s/ W. Keith Watkins
                                  CHIEF UNITED STATES DISTRICT JUDGE